### GILSON *v.* PUTNAM.

EXECUTION—SALE—REDEMPTION—TENANTS IN COMMON MAY NOT REDEEM INTEREST OF ANOTHER TENANT IN COMMON IN ABSENCE OF A CONVEYANCE.

> The right to redeem an interest in land sold under execution given by 3 Comp. Laws 1915, § 12912, to the execution debtor, his executor, administrator or devisee, if he be dead, and to grantees or persons claiming rights under such debtor, is not extended to any other person by sections 12914, 12954, and therefore a tenant in common may not redeem the interest of another tenant in common in behalf of himself and the other tenants in common, in the absence of a conveyance from the execution debtor.[1]

Certiorari to Kalamazoo; Weimer (George V.), J. Submitted December 2, 1924. (Calendar No. 31,583.) Decided December 31, 1924.

Mandamus by Edward J. Gilson to compel Fred C. Putnam, sheriff of Kalamazoo county, to execute a conveyance of an interest in land sold on execution. From an order denying the writ, plaintiff brings certiorari. Reversed and remanded.

*Jackson, Fitzgerald & Dalm,* for appellant.

*E. M. Irish,* for appellee.

SHARPE, J. Defendant had levied upon and sold under execution the interest of one Dee Allen in certain lands in Kalamazoo county. Allen's interest was that of a tenant in common, under the provisions of his father's will. The plaintiff became the purchaser. Allen did not redeem. On the last day therefor, Glenn S. Allen, one of the tenants in common of the land

---

[1] Executions, 23 C. J. § 727 (1926 Anno).

sold, in his own behalf and in behalf of the other tenants in common, filed in the office of the register of deeds a writing setting forth the above facts and deposited therewith the sum necessary for redemption. The defendant, by reason thereof, refused to execute a conveyance to plaintiff as purchaser, and mandamus was sought to require him to do so. The order of the circuit judge denying the writ is here reviewed by certiorari.

The provisions of our statutes relating to the manner of selling real estate levied upon under executions appear in 3 Comp. Laws 1915, § 12900 *et seq.* Section 12911 provides for redemption "within one year from the time when such sale shall have been made." Section 12912 reads:

"Such redemption may be made:

"1. By the person against whom the execution was issued, and whose right and title were sold in pursuance thereof; or

"2. If such person be dead, by his devisee of the premises sold, if the same shall have been devised; and if the same shall not have been devised, by the executor or administrator with the approbation of the judge of probate, or by the heirs of such person; or

"3. By any grantee of such person, who shall have acquired an absolute title by deed, sale under mortgage, or under an execution, or by any other means, to the premises sold, or to any lot, tract, parcel or portion which shall have been separately sold;

"4. By the purchaser of the title and right of redemption of the person against whom the execution issued."

The language of this section needs no construction. The right of redemption is given to the execution debtor, to his executor, administrator or devisee, if he be dead, and to grantees or persons claiming rights under such debtor.

Counsel for the defendant claims that such right is extended to a tenant in common with the execution

debtor by sections 12914 and 12954.    These read as
follows:

"(12914) SEC. 99.    If there be several persons hav-
ing undivided shares, as joint tenants, or tenants in
common, in the premises sold, or in any particular lot
or tract sold, each person having such title may redeem
the share or interest belonging to him, by paying to
the purchaser, or to the officer, as herein directed, a
sum that will bear the same proportion to the whole
purchase money bid for such premises, or for such
particular lot or tract, as the share proposed to be
redeemed bears to the whole number of shares of such
premises, or lot or tract, together with the interest
on such sum."

"(12954) SEC. 139.    When any judgment debtor
shall have or own an undivided interest or estate as
tenant, in common or otherwise, with the same parties
in several pieces or parcels of land, the sheriff to whom
any execution issued on any judgment against said
debtor may be directed, may levy said execution upon
any such undivided interest or estate, and in case of
an existing levy thereon may advertise and sell, as a
single parcel, the interest of such judgment debtor in
any or all of such undivided and unpartitioned tracts
or parcels in his bailiwick, and the same may be re-
deemed only on payment of the sum bid, with interest
at the rate borne by the judgment under which. such
sale was made.    Certificates, setting forth a descrip-
tion of the premises in which such interest may have
been sold, the sum bid, and the time when such sale
will become absolute and the purchaser entitled to a
deed, shall be made, delivered to the purchaser, and
filed in the office of the register of deeds, in the same
manner and with like effect as in other cases of sales
of real estate on execution."

Section 12914 would seem to apply only to cases
where several persons have acquired undivided in-
terests in the property sold after levy, and provides
for redemption by any one of them of "the share or
interest belonging to him."

Section 12954 would seem to apply only to cases

229—Mich.—27.

where a levy is made on an undivided interest of the execution debtor in several parcels of land. In such case, sale may be made as a single parcel of such interest "in any or all of such undivided and unpartitioned tracts or parcels." Redemption may be made only on payment of the entire sum bid.

Neither of these sections in terms provides for the redemption by any person other than those named in section 12912. Counsel urges that "A tenant in common does not own any specific part of the premises. He has an interest in the whole," and insists that he should have the right to protect his interest by redemption if the tenant whose interest has been sold does not redeem. The only effect of the execution of the deed to plaintiff as purchaser is to substitute him as a tenant in common with the others who have an interest in the property sold in the place and stead of Dee Allen. He gets Dee Allen's interest, whatever it may be, and no more. As the other tenants in common are brothers and sisters, it may be that the property could be more satisfactorily handled by them than by having a stranger to the title admitted to ownership with them. They could have secured this result by obtaining a conveyance from Dee Allen of his interest.

The order entered will be set aside and the cause remanded that the defendant may be ordered to execute a deed pursuant to the certificate of purchase if it be necessary to do so. The plaintiff will recover costs against Glenn S. Allen.

CLARK, C. J., and MCDONALD, BIRD, MOORE, and FELLOWS, JJ., concurred. STEERE and WIEST, JJ., concurred in the result.